# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0328

Wendy Sills,
Respondent,

vs.

Kevin Thomes,
Appellant.

**Filed April 28, 2025**
**Appeal dismissed**
**Frisch, Chief Judge**

Todd County District Court
File No. 77-CV-24-509

Lori L. Athmann, Jovanovich, Dege & Athmann PA, St. Cloud, Minnesota (for respondent)

Kenneth H. Bayliss, Joseph A. Krueger, Dawson T. Quick, Quinlivan & Hughes, P.A., St. Cloud, Minnesota (for appellant)

Considered and decided by Frisch, Chief Judge; Reyes, Judge; and Bentley, Judge.

## SYLLABUS

A district court's order that does not determine the parties' respective rights in real property pursuant to Minn. Stat. § 558.04 (2024) is not immediately appealable under Minn. Stat. § 558.215 (2024).

## SPECIAL TERM OPINION

**FRISCH**, Chief Judge

In this interlocutory appeal, appellant Kevin Thomes seeks review of a February 2025 district court order denying his motion to appoint a panel of referees to partition real property.

We questioned whether the February order is appealable pursuant to Minn. Stat. § 558.215, and if not, whether we must dismiss this appeal. The parties filed informal memoranda. On March 26, 2025, we filed a special term order dismissing the appeal, with an opinion to follow.[1] We now explain that we dismiss this appeal because the district court did not determine "the rights of the parties" pursuant to Minn. Stat. § 558.04, and thus, the February order is not immediately appealable under Minn. Stat. § 558.215.

## DECISION

A joint tenant or tenant in common with an interest in real property may bring an action against a cotenant "for a partition" of the property "according to the respective rights and interests of the parties interested therein." Minn. Stat. § 558.01 (2024). In such an action, Minn. Stat. § 558.04 provides that "the title to the property and the rights of the parties shall be established by evidence or by the written stipulation of the parties to be affected thereby" and that "thereupon, in a proper case, the court shall render judgment that partition be made accordingly, and shall appoint three disinterested and judicious citizens

---

[1] In our March special term order, we also determined that the district court's February order was not appealable under Minn. R. Civ. App. P. 103.03(g), concluding that appellant's motion did not create a special proceeding separate and apart from the merits of the parties' claims.

of the county as referees to make partition and set off the shares of the several persons interested as determined by the judgment." And a party to a partition action may immediately appeal "from any order or interlocutory judgment made and entered pursuant to section 558.04." Minn. Stat. § 558.215.

Thomes argues that the February order is immediately appealable under section 558.215 because the district court denied his motion to appoint referees to partition the property. Stated differently, he asserts that the February order denying his motion to appoint referees is an "order or interlocutory judgment made and entered pursuant to section 558.04" and therefore immediately appealable under section 558.215. We disagree.

The plain language of section 558.04 provides that a district court may only render judgment that partition be made and appoint referees to do so where it has first determined "the title to the property and the rights of the parties" related to the property. Thus, a judgment pursuant to section 558.04—that partition be made and referees appointed—may only be entered *after* the district court first determines (1) "whether the parties were cotenants and entitled to partition" and if so, (2) the respective rights of each of the parties. *See Neumann v. Anderson*, 916 N.W.2d 41, 49 (Minn. App. 2018) (quoting A. C. Freeman, *Cotenancy and Partition* § 516, at 686 (2d ed. 1886)), *rev. denied* (Minn. July 17, 2018). Section 558.215 and *Neumann* confirm that a district court must make these determinations before it can make and enter an "order or interlocutory judgment" pursuant to section 558.04. In other words, a district court does not make or enter an order pursuant to section 558.04, as those terms are used in section 558.215, when its order does not

determine the parties' respective rights in real property. Such an order is therefore not immediately appealable under section 558.215.

Here, we conclude that the February order did not render an order or judgment "that partition be made." Minn. Stat. § 558.04. The district court did not determine the respective rights of the parties in its order, noting only that it "believe[d] that Thomes can seek to recover any of his monetary contributions [to the real property] without depriving Sills of her property." Nor did the February order direct entry of "judgment that partition be made" or grant other relief provided in section 558.04.[2] Because the district court did not determine the parties' respective rights to the real property, order partition based on those respective rights, or enter judgment that partition be made, we conclude that the February order denying Thomes's motion is not an order "made and entered pursuant to section 558.04" and is not appealable pursuant to section 558.215. We therefore hold that a district court's order that does not determine the parties' respective rights in real property pursuant to Minn. Stat. § 558.04 is not immediately appealable under Minn. Stat. § 558.215.

Because the decision to deny Thomes's partition motion was not an order or interlocutory judgment pursuant to section 558.04, we conclude that the February order was not immediately appealable pursuant to section 558.215.

**Appeal dismissed.**

---

[2] We express no opinion on the merits of the underlying partition claim or the parties' interests in the property.